# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| MANORS OF INNISBROOK CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME-OWNERS INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION <br> FILE NO.: 4:22-CV-00040-CDL |

## AGREED CONFIDENIALITY AGREEMENT AND ORDER

This cause came on for consideration by agreement of the Parties, Plaintiffs, MANORS OF INNISBROOK CONDOMINIUM ASSOCIATION and Defendant, HOME-OWNERS INSURANCE COMPANY (hereinafter "HOME-OWNERS" and collectively "the Parties") and Court being otherwise advised;

**It is ORDERED and ADJUDGED** as follows:

1.  Home-Owners possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

2.     "Confidential Information" as used herein, means any information, in whatever form, produced in connection with formal discovery in this litigation, or is currently in the possession of a party as a result of being produced in the claim investigation to the other party, that the party asserting confidentiality in good faith believes contains, reflects or concerns its trade secrets, confidential business or commercial information, sensitive personal information, or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Examples of Confidential Information include, but are not limited to, proprietary business information, business plans, operating guidelines, pricing, and financial and other sensitive information that is not publicly available (or not publicly available in the form maintained by the party).

3.     All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by Home-Owners during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded, or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").  In the event information deemed CONFIDENTIAL

OR TRADE SECRET OR SUBJECT TO PROTECTIVE ORDER is introduced via trial testimony, Defendant has the authority to request to seal the transcript to bar the dissemination of such testimony but the Defendant must exercise this right within 30 days of the jury verdict or bench order or the right to seal this portion of the trial testimony will be deemed waived.

4.  Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by Home-Owners by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret, or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object including but not limited to via a watermark on the document but not obscuring the text of the document in any way. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good-faith review by counsel of record and counsel making a designation shall comply with the standards set forth

in Federal Rule 26(g) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

5.  With respect to deposition testimony, Home-Owners may, either on the record at the deposition or by written notice to counsel for Plaintiff no later than thirty-five (35) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until thirty-five (35) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

6.  The inadvertent or unintentional disclosure by Home-Owners of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of Home-

Owners' claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by Home-Owners of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by Home-Owners in this or any subsequent state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by Home-Owners, that party shall provide

written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

7. When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any deposition, hearing, trial, or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 10 are present during such presentation, quotation, or reference.

8. Subject to the requirements of Paragraph 12 of this Agreement, no person receiving information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 10 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for Home-Owners upon order of the Court; provided,

however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraph 10(h) and/or Paragraph 12 of this Protective Order.

9. Except as agreed by Home-Owners or as otherwise provided herein, including in Paragraph 10(h) and Paragraph 12 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 10 below. Except as provided in Paragraphs 10(g), 10(h), 10(k), and 12 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Home-Owners.

10. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by Home-Owners shall be disclosed only to the following persons:

    (a) attorneys actively working on or supervising the work on this case;

(b)  persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)  the parties, including designated representatives and counsel for the entity Defendant;

(d)  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as <u>Exhibit A</u>;

(e)  the Court and its employees ("Court Personnel");

(f)  stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)  deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as <u>Exhibit A</u>;

(h)  the Georgia Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law and only after notice and opportunity to object are given to Home-Owners ten days prior to production;

    (i)    a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

    (j)    anyone as otherwise required by law;

    (k)    as authorized by the parties specifically; and

    (l)    other persons by written agreement of the parties when the person has signed a written acknowledgement attached as <u>Exhibit A</u>.

11. Subject to Paragraph 12 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such information.

12. Nothing in this Protective Order disallows Home-Owners' maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Georgia Division of Insurance and other applicable state and federal laws; the records retention requirements of the Georgia Division of Insurance, the Georgia Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of Home-Owners; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information

by Home-Owners as permitted and/or required by applicable state and federal law, including reporting to the Insurance Services Office, Inc.

13. Plaintiff may, at any time during the pendency of this lawsuit, request from Home-Owners, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for Home-Owners and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, Home-Owners' designation shall control. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE

ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

14. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, Plaintiff must provide notice to Home-Owners of its intentions. Home-Owners may then request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

15. The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

16. Within thirty-five (35) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL,

TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same to Home-Owners, including any copies, or to destroy such information and execute an affidavit confirming that the CONFIDENTIAL, TRADE SECRET, OR DOCUMENTS SUBJECT TO PROTECTIVE ORDER have been destroyed. Within seven (7) days of the final determination of this action, counsel of record who has provided information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those individuals that the matter has reached final determination and remind them of the return or destruction obligation and their obligation to execute an affidavit confirming that the documents have been destroyed.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

18. Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

19. Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the

document under seal in the Court's E-filing system, with a note to the Court Clerk referencing this Order.

20.     Pursuant to the Rule 16 and 26 Order [Doc. 5-0], any documents (including briefs), tangible things, or information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

**SO ORDERED** this 30th day of January, 2023.

S/Clay D. Land
The Hon. Clay D. Land
United States District Court for the
Middle District of Georgia

# **EXHIBIT A**

## **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges and confirms receipt of the Stipulated Protective Order in the case styled *Manors at Innisbrook HOA, Inc. v. Home-Owners Insurance Company*, Civil Action No. 4:22-CV-00040, pending in the United States District Court, Middle District of Georgia, Columbus Division. I have reviewed the aforementioned Stipulated Protective Order and hereby agree to be bound by the terms thereof.


By: _____    Date: _____